**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OSCAR ALEJANDRO MARIN MARTINEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12706 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") by Petitioner Oscar Alejandro Marin Martinez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Moshannon Valley Processing Center, Pennsylvania ("Moshannon Valley"). (ECF No. 1).

2. Petitioner is a citizen of Colombia. (ECF No. 9 at 1). He entered the United States on or about February 20, 2019 on a B-2 tourist visa and was authorized to remain in the United States until August 19, 2019. (*Id.*)

3. Petitioner was detained by ICE on August 25, 2026. (*Id.* at 1-2).

4. On September 1, 2026, Petitioner filed his first habeas corpus petition. *Marin Martinez v. Soto*, No. 26-cv-11282 (D.N.J. filed Sept. 1, 2026) ("First Petition") (ECF No. 1).[1]

5. Respondents filed an answer on September 8, 2026 asserting that Petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing was scheduled for

[1] This Court takes judicial notice of the proceedings in the First Petition.

September 9, 2026. (First Petition, ECF No. 4 at 1; ECF No. 4-4 at 1). Petitioner did not file a reply.

6. On September 14, 2026, this Court dismissed the First Petition after Respondents' representation that a bond hearing was scheduled for September 9, 2026 and Petitioner's failure to submit anything disputing that representation. (First Petition, ECF No. 5 ¶¶ 11-12).

7. Petitioner filed a motion for reconsideration after the First Petition was dismissed. (First Petition, ECF No. 8).[2]

8. Petitioner filed his Second Petition on September 25, 2026. (ECF No. 1). He asserts that his immigration counsel withdrew his request for a bond hearing on September 8, 2026. (*Id.* ¶ 26). Accordingly, there was no bond hearing on September 9, 2026 as this Court had presumed when it dismissed the First Petition. (*Id.*)[3]

9. Petitioner was transferred to Moshannon Valley on September 25, 2026 after filing the Second Petition. (ECF No. 4).

10. Respondents filed a letter indicating that Petitioner had requested a new bond hearing and that it was scheduled to take place on October 8, 2026. (ECF No. 9).

11. Petitioner subsequently informed this Court that the hearing did take place on October 8 and that the immigration judge had denied bond. (ECF No. 10 at 1).

12. He asks this Court to keep the Second Petition active so he may obtain the bond hearing transcript "so that the Court may evaluate the hearing's adequacy on a developed record." (*Id.* at 3).

[2] The motion for reconsideration was denied on October 19, 2026. (First Petition, ECF No. 10).

[3] This information was not presented to this Court prior to its order dismissing the First Petition.

13. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

14. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Second Petition. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) ("[T]the government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition.").

15. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

16. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554

(quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

17. Petitioner's claims in the Second Petition centered on preventing his transfer outside the District of New Jersey so he could obtain a "a prompt and meaningful bond hearing under 8 U.S.C. § 1226(a) without transfer-related delay." (ECF No. 1 at 8).

18. Petitioner was transferred before this Court could enter its standing order, but he still achieved his ultimate goal: a bond hearing before an immigration judge.

19. This Court will deny Petitioner's request for additional time to obtain the bond hearing transcript and file a challenge to the hearing. Petitioner has obtained the relief that he requested in the Second Petition, and he is no longer "in custody" pursuant to ICE's initial custody determination. As there is a new order governing Petitioner's custody, he must file new habeas petition.

20. Accordingly, the Second Petition will be denied.

21. An appropriate order follows.



Hon. Susan D. Wigenton,
United States District Judge
Dated: October 22, 2026